UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WILLIAMSON,

    Plaintiff,

v.

USF HOLLAND, LLC,

    Defendant.

Case No. 2:17-cv-13326-LJM-APP
Honorable Laurie J. Michelson

**ORDER REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS [17]**

The Court has completed a preliminary review of the briefs and exhibits related to USF Holland's motion for judgment on the pleadings. (*See* ECF No. 17, 20, 21.) Thomas Williamson attached several documents to his response to USF Holland's motion that are not proper for consideration under Federal Rule of Civil Procedure 12(c). For example, Williamson has attached affidavits from himself and his counsel (in this case).

The Court can appreciate why Williamson attached these materials. One judicial estoppel factor is whether "the evidence indicates an absence of bad faith." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010). And in "determining whether there was an absence of bad faith, [this Court] will look, in particular, at [Williamson's] attempts to advise the bankruptcy court of [his] omitted claim." *Id.* (internal quotation marks omitted).

Given that Williamson's extra-pleading attachments are at least arguably probative of "absence of bad faith," the Court will convert USF Holland's motion for judgment on the pleadings to one for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). But the conversion means that "[a]ll parties

must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

The Court thus orders the parties to inform the Court by Tuesday, March 19, 2019, whether they would like to expand the record and if so, what additional evidence they would like to include in support of their positions. The Court notes that expansion is not necessary. And, presumably, Williamson has already submitted what he wanted to and, given USF Holland's reply brief, it thinks the motion can be decided on the limited record. That said, the decision is left to the parties. If on or before March 19, 2019, either party indicates that it would like to expand the record, then the Court will dismiss USF Holland's motion without prejudice to refiling following a very brief discovery period. Discovery would be limited to the defense of judicial estoppel.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 15, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 15, 2019, using the Electronic Court Filing system.

s/William Barkholz
Case Manager